UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BRUCE A. LUNDEEN,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, and
CITY OF MINNEAPOLIS,

Defendants.

Civil 14-1168 (PJS/JJK)

**ORDER**

Plaintiff has filed a complaint requesting "the Court to help determine if the defendants have meddled with my self-employment customers or employment supervisors or social networks." (Complaint, [Docket No. 1], p. 4.) Plaintiff did not pay the $400 filing fee for this action, but he instead filed an application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which is now before the Court.

Plaintiff applied for IFP status by submitting an IFP application form that has been approved for use in the District of Minnesota. Plaintiff left many sections of the form blank, and as a result, the Court cannot accurately determine how much income he has earned in the recent past, or how much income he is earning now. However, the IFP application clearly indicates that Plaintiff owns some type of non-homestead real estate that has a reported value of $120,000. Because Plaintiff owns such a valuable asset, the Court could not find him to be indigent, regardless of his past and present income.

In short, based on the information furnished in Plaintiff's IFP application, the Court finds that he is not financially eligible for IFP status. Therefore, Plaintiff's IFP application will be **DENIED**.

Plaintiff will be afforded an opportunity to pay the normal $400 filing fee, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant. If Plaintiff pays the $400 filing fee within twenty (20) days after the date of this order, he will be allowed to proceed as a non-IFP litigant. If Plaintiff fails to pay the full amount of the filing fee within the time allowed, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).[1]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is **DENIED**;

2. Plaintiff must pay the full filing fee of $400 within twenty (20) days after the date of this order, failing which it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: April 18, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

[1] Plaintiff's complaint in this case is fraught with critical flaws. Plaintiff has not clearly identified any legal basis for his lawsuit, and he has not pleaded a cogent set of historical facts that could support any actionable claim for relief. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Furthermore, Plaintiff appears to misunderstand the fundamental nature of the American judicial system. He seems to believe that courts conduct investigations and help parties determine whether they have grounds for seeking legal redress, but that simply is not so. Courts do not conduct investigations; they can only adjudicate an actual case or controversy that is properly presented by the parties. Plaintiff should carefully consider whether it would be prudent for him to spend $400 on a lawsuit that plainly appears to be destined for early dismissal. At the very least, Plaintiff should try to consult with a lawyer before he elects to proceed.