UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

BRUCE A. LUNDEEN,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, and
CITY OF MINNEAPOLIS,

    Defendants.

_____

Civil 14-1168 (PJS/JJK)

**REPORT AND RECOMMENDATION**

    Plaintiff commenced this action by filing a civil complaint, and an application for leave to proceed in forma pauperis, ("IFP").  (Docket Nos. 1 and 2.)   This Court previously examined Plaintiff's IFP application, and found that he had not shown that he is financially eligible for IFP status.   The IFP application was therefore denied.   (See Order dated April 18, 2014; [Docket No. 3].)

    The order denying Plaintiff's IFP application informed him that he could still maintain this action as a NON-IFP litigant, if he paid the full filing fee within 20 days. Plaintiff was advised that if he did not pay the filing fee within the time allowed, the Court would recommend that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

    The deadline for paying the full filing fee for this action has now passed, and Plaintiff has not paid the fee, nor has he offered any explanation for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he commenced this action.   Therefore, it is now recommended, in accordance with the Court's prior order in this case, that Plaintiff be deemed to have abandoned this action, and that the action be

dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Plaintiff has filed a motion requesting that the Clerk of Court be ordered to issue him a summons for this case.  (Docket No. 4.)  Having determined that this action should be summarily dismissed (for the reasons cited above), the Court will further recommend that Plaintiff's motion for a summons be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Motion to provide Summons," (Docket No. 4), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 15, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 30, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report

and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.